IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**EDWARD "JESSE" DREYFUSE,**

    **Plaintiff,**

v.                                                            **Case N0. 3:17-cv-04031**

**CHRISTOPHER D. CHILES, in his
individual capacity; SEAN HAMMERS,
in his individual capacity; and
RYAN BENTLEY, in his individual
capacity,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On September 20, 2017, Plaintiff Edward "Jesse" Dreyfuse filed a *pro se* complaint against the defendants under 42 U.S.C. § 1983. (ECF No. 2). Currently pending are Plaintiff's application to proceed without the prepayment of fees and costs, (ECF No. 1); an initial screening of the complaint under 28 U.S.C. § 1915, (ECF No. 2); and Plaintiff's motion for leave to file excess pages, (ECF No. 4). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed the complaint, the undersigned **FINDS** that Plaintiff seeks monetary relief from defendants who are immune from such relief and his remaining claims are barred because they would imply the invalidity of his criminal

1

conviction that has not been overturned. Therefore, the undersigned **GRANTS** Plaintiff's application to proceed *in forma pauperis* and motion for leave to file excess pages,[1] but **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, **with prejudice**, with the exception of Plaintiff's claims relating to the arrest warrant, which should be **DISMISSED, without prejudice,** and **REMOVE** this matter from the docket of the Court.

I.   **Factual and Procedural History**

In this § 1983 action, Plaintiff asserts that Defendants Christopher D. Chiles ("Chiles"), a prosecuting attorney, and Sean Hammers ("Hammers"), an assistant prosecuting attorney, conspired to knowingly and intentionally present perjured testimony from Defendant Ryan Bentley ("Bentley"), a city police officer, to the grand jury in Plaintiff's state criminal case on June 19, 2012. (ECF No. 2 at 9-10). According to Plaintiff, Bentley testified before the grand jury that Plaintiff struck the victim with a baseball bat, which resulted in multiple facial fractures and a skull fracture that caused the victim to slip into a coma and die. (*Id.* at 11). However, Plaintiff contends that all three of the above defendants possessed medical records and reports prior to the grand jury proceeding that demonstrated that the victim did not suffer such "non-existing" injuries, which Plaintiff argues formed the basis of his felony indictment for murder. (*Id.*). Plaintiff further asserts that the arrest warrant in his case was obtained "with the same fraudulent false affidavit of evidence and testimony as was provided at the grand jury proceedings."

---

[1] The undersigned notes that Plaintiff's motion for leave to file excess pages is unnecessary as it relies on a local rule in the United States District Court for the Northern District of West Virginia, LR P L 3.4.4, which provides that no more than five typewritten pages or ten handwritten pages may be attached to any court-approved form unless accompanied by a motion for leave to file excess pages. Such rule does not apply to this action in this district. Nevertheless, the undersigned grants the motion to the extent that Plaintiff requests that the Court consider all of the handwritten pages attached to his complaint.

(*Id.* at 21). Plaintiff sues all defendants in their individual capacities and seeks monetary damages in excess of three million dollars or a sum determined by a jury. (ECF No. 2 at 12, 14, 16, 17-20, 22-23).

## II. <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). Further, pursuant to 28 U.S.C. § 1915A, the Court must screen each case in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez,* 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

This Court is required to liberally construe *pro se* pleadings, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this

less stringent standard, the pleading must state sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   Discussion

As stated above, Plaintiff asserts in his § 1983 complaint that Defendants Chiles and Hammers, two state prosecuting attorneys, and Bentley, a police officer, conspired for Bentley to present false testimony to the grand jury in Plaintiff's criminal case and in an affidavit to secure an arrest warrant against Plaintiff. First, as to Plaintiff's claim that Bentley committed perjury in the grand jury proceeding, the law is well-settled that grand jury witnesses enjoy the same immunity as witnesses at trial, which is an absolute immunity from any § 1983 claim based on the witness's testimony. *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). A police officer who testifies before a grand jury or at trial is afforded the same immunity as any lay witness. *Id.* at 367-68 (citing *Briscoe v. LaHue*, 460 U.S. 325, 342-43 (1983)). Further, the absolute shield of immunity "may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id.* at 369. "Were it otherwise, a criminal defendant turned civil plaintiff could simply reframe a claim to attack the preparation instead of the absolutely immune actions themselves." *Id.*

As the Supreme Court of the United States ("Supreme Court") explained: if witnesses were not granted absolute immunity, their fear of retaliatory litigation might

4

deprive the deciding tribunal of critical evidence. *Id.* at 367. Furthermore, civil liability is not required to deter false testimony from witnesses because other sanctions, such as prosecution for perjury, provide sufficient deterrent. *Id.* An additional restraint that is applicable to police officer witnesses in particular is the potential termination of their employment or other employment-related sanctions for providing false testimony. *Id.* at 369. Therefore, the undersigned **FINDS** that Bentley is absolutely immune from Plaintiff's damages claims relating to Bentley's alleged conspiracy to present and presentation of false testimony to the grand jury.

The undersigned next addresses Plaintiff's claims that Defendants Chiles and Hammers, acting as the state prosecutor and assistant prosecutor, respectively, conspired with Bentley and offered Bentley's perjured testimony to the grand jury, knowing it to be false. The law is equally settled that a prosecutor is afforded absolute immunity in a civil suit for damages against a charge that the prosecutor knowingly presented false testimony through a witness. In *Imbler v. Pachtman*, a § 1983 plaintiff asserted that a prosecutor intentionally, and at other times negligently, allowed a witness to give false testimony, and prosecuted the plaintiff knowing that he was "cleared" by a lie detector test. *Imbler v. Pachtman*, 424 U.S. 409, 416 (1976). The Supreme Court affirmed the lower court's decision that the prosecutor was given absolute immunity in such circumstance. *Id.* at 431. Although acknowledging that absolute immunity might leave "the genuinely wronged defendant without civil redress," the Supreme Court concluded that policy considerations guided its decision. *Id.* at 428. The Supreme Court reasoned that, much like the concept of judicial immunity, the threat of § 1983 suits for actions taken in initiating and pursuing a criminal prosecution would undermine the performance of the prosecutor's duties in enforcing the criminal law, which would ultimately harm the

citizens. *Id.* at 427-28. Moreover, the Supreme Court pointed out that extending absolute immunity to prosecutors did not foreclose *all* avenues of redress to a truly aggrieved individual. Indeed, a "prosecutor's possible knowledge of a witness' falsehoods" was a typical issue addressed in actions for post-trial relief. *Id.* at 425. As noted by the Supreme Court, various post-trial procedures are available to determine if a person received a fair trial, such as the remedial powers of the trial judge, appellate review, and state and federal post-conviction collateral remedies. *Id.* at 427. Furthermore, despite their civil immunity, prosecutors are not beyond the reach of criminal law and are subject to professional discipline by an association of their peers should they violate the law or the ethical standards of their profession. *Id.* at 429. Therefore, the undersigned likewise **FINDS** that Chiles and Hammers are absolutely immune from Plaintiff's claims for damages relating to their alleged actions in introducing perjured testimony to the grand jury.

Given that all of the defendants are absolutely immune from Plaintiff's claims for damages relating to the grand jury proceeding, the inquiry turns to Plaintiff's claim that the same false information that was presented to the grand jury was used in a sworn affidavit to support the arrest warrant executed against him. Plaintiff asserts that he was falsely arrested and imprisoned, which are cognizable claims for relief under § 1983. (ECF No. 2 at 20-21). "The knowing or intentional fabrication of false testimony to obtain an arrest warrant implicates a criminal defendant's Fourth Amendment rights and will support a § 1983 claim if the false statement was necessary to the finding of probable cause." *Dutton v. Montgomery Cty., Md.*, 94 F. Supp. 2d 663, 665 (D. Md.), *aff'd* 232 F.3d 887 (4th Cir. 2000) (citing *Franks v. Delaware,* 438 U.S. 154, 171 (1978) and *Wilkes v. Young,* 28 F.3d 1362, 1365 (4th Cir. 1994)). A police officer is protected only by qualified immunity in applying for an arrest warrant unlike the absolute immunity afforded to

6

functions that are "intimately associated with the judicial phase of the criminal process," such as the act of a prosecutor in seeking an indictment. *Malley v. Briggs*, 475 U.S. 335, 342-43 (1986). The reasoning that supports only qualified immunity in such circumstance is that the act of applying for the warrant, while vital to the administration of criminal justice, is further removed from the judicial phase of the criminal proceedings. *Id.*

In any event, a court must dismiss a § 1983 claim when a judgment in the plaintiff's favor would imply the invalidity of his criminal conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994). In this case, success on the merits of Plaintiff's false arrest and imprisonment claims – a finding that probable cause did not exist – would necessarily imply the invalidity of Plaintiff's conviction. Therefore, as Plaintiff's criminal conviction has not been reversed, expunged, or otherwise invalidated, the relief which Plaintiff seeks for false arrest, false imprisonment, or a "malicious prosecution" claim[2] is unavailable to him in this action. A civil lawsuit under § 1983 seeking damages for alleged violations of one's constitutional rights under the color of state law is not a substitute for a direct appeal or habeas review. Here, Plaintiff's claims relating to false arrest and false imprisonment are undoubtedly a thinly veiled collateral attack on his criminal conviction, which is barred by *Heck*. As such, the undersigned **FINDS** that Plaintiff's claims against Defendants relating to alleged false information in his arrest warrant affidavit should be

---

[2] Claims that false information was supplied to obtain a warrant are typically referred to as malicious prosecution claims founded in the Fourth Amendment, which likewise requires a finding that the criminal proceeding was not supported by probable cause and it terminated in the plaintiff's favor. *Smith v. Munday*, 848 F.3d 248, 252–53 (4th Cir. 2017); *Waker v. Owen*, No. RWT 09CV2380, 2010 WL 1416145, at *4 (D. Md. Apr. 6, 2010); *Humbert v. O'Malley*, No. CIV. WDQ-11-0440, 2014 WL 1266673, at *15 (D. Md. Mar. 25, 2014); *Cruse v. Blackburn*, No. CV 3:17-00485, 2018 WL 793501, at *5 (S.D.W. Va. Jan. 16, 2018), *report and recommendation adopted*, 2018 WL 762444 (S.D.W. Va. Feb. 7, 2018); *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012).

dismissed without prejudice. *See, e.g., Brunson v. Butler*, No. 5:09-CT-3063-FL, 2013 WL 4666350, at *5 (E.D.N.C. Aug. 30, 2013); *Miller v. Maxwell*, No. CV 3:14-340-JFA-SVH, 2014 WL 12538884, at *1 (D.S.C. May 8, 2014), *aff'd,* 584 F. App'x 117 (4th Cir. 2014); *Bowie v. Meyer*, No. CIV.A. PWG-13-929, 2014 WL 938457, at *3 (D. Md. Mar. 10, 2014) ("Plaintiff's false arrest and false imprisonment claims turn on whether Defendants had probable cause to arrest him. This court could not sustain these causes of action without finding that Defendants lacked probable cause. Such a finding, however, would implicitly invalidate Plaintiff's state-court conviction, which could not stand without probable cause. Accordingly, Plaintiff's claims of false arrest and false imprisonment under § 1983 trigger *Heck.*") (internal citations omitted).

## IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that this civil action be **DISMISSED, with prejudice,** with the exception of Plaintiff's claims relating to the arrest warrant, which should be **DISMISSED, without prejudice,** and the civil action be removed from the docket of this Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, Defendants, and any counsel of record.

**FILED:** March 23, 2018

Cheryl A. Eifert
United States Magistrate Judge