IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

EDWARD "JESSE" DREYFUSE,

    Plaintiff,

v.             CIVIL ACTION NO. 3:17-04031

CHRISTOPHER D. CHILES,
in his individual capacity;
SEAN HAMMERS,
in his individual capacity; and
RYAN BENTLEY,
in his individual capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Following an initial screening pursuant to 28 U.S.C. § 1915A, the Magistrate Judge has submitted proposed findings and recommends that the Court dismiss the Complaint with prejudice, with the exception of Plaintiff's claims relating to the arrest warrant, which she recommends should be dismissed without prejudice. Neither party has filed any objections to the Magistrate Judge's Findings and Recommendations. However, Plaintiff, acting *pro se*, has filed a Motion for Leave to Amend his Complaint. ECF No. 7.

Plaintiff filed his action pursuant to 42 U.S.C. § 1983, asserting that "Defendants Christopher D. Chiles ("Chiles"), a prosecuting attorney, and Sean Hammers ("Hammers"), an assistant prosecuting attorney, conspired to knowingly and intentionally present perjured

testimony from Defendant Ryan Bentley ("Bentley"), a city police officer, to the grand jury in Plaintiff's state criminal case on June 19, 2012." *PF&R*, at 2, ECF No. 6 (citation omitted). Additionally, Plaintiff claims that his arrest warrant was based upon the same false information. *Id*. Plaintiff sues each Defendant in his individual capacity for monetary damages. *Id*. at 2-3.

In the Proposed Findings and Recommendations, the Magistrate Judge found that all three Defendants are entitled to absolute immunity against the claims made by Plaintiff with respect to the alleged perjured testimony being presented to the grand jury. *Id*. at 5-6. With respect to Plaintiff's allegations of false arrest and false imprisonment, the Magistrate Judge found the claims "are undoubtedly a thinly veiled collateral attack on [Plaintiff's] criminal conviction, which is barred by *Heck [v. Humphrey*, 512 U.S. 477, 484-87 (1994)]." *Id*. at 7. Plaintiff does not object to any of these findings and, in fact, states in his Motion for Leave to Amend that the "PF&R has correctly determined that Plaintiff's Complaint is essentially an attack upon his criminal conviction pursuant to [*Heck*]." *Motion for Leave to Am.*, at 2, ECF No. 7.

Nevertheless, Plaintiff argues he should be able to amend his Complaint because the state courts have refused to address his request for habeas corpus relief, and he has no way to overturn his conviction. In his amendment, he seeks to add Defendants in their official capacity, to remove his demands for monetary damages, and to have this Court award him "Declaratory Judgment . . . [d]efining . . . [his] rights in the future and the substance of the violations committed." *Prop. Am. Compl.*, at 6 & 7, ECF No. 7-1. He also seeks unspecified injunctive relief and any other appropriate relief. Plaintiff, however, dropped his claim for false arrest and imprisonment based

upon his arrest warrant. *See Compl.* ("claim 6"), at 13-15, ECF No. 2, 20-22; *Prop. Am. Compl.* ("claim six redacted in its entirety"), at 9, ECF No. 7-1, at 10.[1]

In ruling on a motion to amend, Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). Leave "'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would . . . [be] futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). In this case, the Court finds that Plaintiff's proposed amendment is futile.

Initially, the Court finds that it is unclear what injunctive relief or declaratory judgment Plaintiff seeks from these Defendants. To the extent Plaintiff seeks a ruling by the state court on a habeas petition, Plaintiff cannot obtain such relief from these Defendants. Additionally, if Plaintiff is seeking a declaration that Defendants' grand jury actions were improper, such an attack, as explained by the Magistrate Judge, is precluded because all three Defendants are entitled to absolute immunity on that issue, and Plaintiff's proposed amendments do not change the fact that absolute immunity bars his claims. Therefore, the Court finds that the claims in the proposed Amended Complaint are futile.

---

[1] Plaintiff also removed his "claim 5" for "executing a scheme to deprive another the right to honest services." *Compl.*, at 11-12, ECF No. 2, at 18-19.

Accordingly, given the futility of the proposed Amended Complaint, the Court **DENIES** Plaintiff's Motion for Leave to Amend. ECF No. 7. Having no objections to the Proposed Findings and Recommendations of the Magistrate Judge, the Court further accepts and incorporates them herein and **DISMISSES** the Complaint**, with prejudice**, with the exception of Plaintiff's claims relating to the arrest warrant, which is **DISMISSED, without prejudice**. The Court further **ORDERS** this action be **REMOVED** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 20, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE